**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LA–Z–BOY TENNESSEE, Respondent.**

No. 78–1209.

United States Court of Appeals, Sixth Circuit.

June 17, 1980.

Elliott Moore, Deputy Associate Gen. Counsel, Marion Griffin, Eric Moskowitz, Carol A. DeDeo, Eric G. Moskowitz, N. L. R. B., Washington, D. C., Curtis L. Mack, Director, Region 10, N. L. R. B., Atlanta, Ga., for petitioner.

William Michael Warren, Jr., Allen Poppleton, Bradley, Arant, Rose & White, Birmingham, Ala., for respondent.

Before WEICK, KEITH and MERRITT, Circuit Judges.

## ORDER

The National Labor Relations Board (Board) has applied to this court for enforcement of its order against La-Z-Boy Tennessee (Company) reported at 233 NLRB No. 185 which found that the Company violated Sections 8(a)(1) of the National Labor Relations Act, as amended, 29 U.S.C. Section 151 *et seq.* by coercively interrogating some of its employees concerning their union activities and sympathies and further found that the Company violated Section 8(a)(3) and (1) of the Act by refusing to rehire Ferrell Hensley and Freddy Johnson, by imposing more onerous working conditions upon Bill Scott, by discharging Leona Hensley and by discharging Betty Jo McClenda because of their union sympathies and activities.

The principal issue in the case is whether the Board's findings of fact are supported by substantial evidence.

We have held that coercive interrogation of employees about their union sympathies or activities violates Section 8(a)(1) of the Act. *Jervis Corp. v. N. L. R. B.*, 387 F.2d 107, 111 (6th Cir. 1967).

 Where there is substantial evidence to support the Board's inferences of unlawful motivation, it is not our province to discard the Board's choice between two conflicting views even though we might have arrived at a different conclusion if we were considering the matter de novo. *Universal Camera Corp. v. N. L. R. B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

We are of the opinion that the Board's order is supported by substantial evidence and is not unlawful.

It is therefore ordered that the order of the Board be and it is hereby enforced.